UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS ROBBINS, individually, and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) )   Case No. 4:13CV348 JCH ) |
| KELLAN RESTAURANT MANAGEMENT CORP., d/b/a 54th STREET GRILL AND BAR, | ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay Proceedings and Compel Arbitration, filed May 30, 2013. (ECF No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Thomas Robbins filed his Complaint in this matter on February 22, 2013. (ECF No. 1).[1] Plaintiff alleges Defendant violated the Fair Labor Standards Act of 1938, and the Missouri Minimum Wage Law, by refusing to pay Plaintiff and similarly situated employees overtime as required by the statutes.

On May 30, 2013, Defendant filed a Motion to Stay Proceedings and Compel Arbitration. (ECF No. 6). In support of its motion, Defendant asserts that on two separate occasions, Plaintiff Robbins executed valid and enforceable agreements to arbitrate any disputes he may have relating

---

[1] Plaintiff Robbins purported to file the Complaint on behalf of himself individually, and as class representative for others similarly situated.

to all aspects of his employment with Defendant. As relevant to the instant motion the first arbitration agreement, executed August 29, 2011, contained the following provision:

> In consideration for [Defendant] hiring or continuing to employ [Plaintiff], [Plaintiff] and [Defendant] agree that any controversies, claims or disputes arising out of or in any manner related to the employment or termination of employment by [Defendant] of [Plaintiff] shall be resolved exclusively through binding arbitration....Such binding arbitration shall be administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes,....

(ECF No. 6-1, PP. 1-2). The second agreement, executed May 18, 2012, contained the following relevant provision:

> In consideration for [Defendant's] and [Plaintiff's] mutual agreement to submit to final and binding arbitration any legal claims that arise between [Plaintiff] and [Defendant]....[Plaintiff] and [Defendant] each hereby agree that any claims or legal disputes....that arise between [Plaintiff] and [Defendant]....shall be resolved exclusively through final and binding arbitration....Final and binding arbitration of claims covered by this Arbitration Agreement shall be initiated by filing a claim with the American Arbitration Association ("AAA") and will be administered by the AAA under its National Rules for the Resolution of Employment Disputes ("the Rules"), ....

(ECF No. 6-2, P. 2).

In response to Defendant's motion, Plaintiff claims the arbitration agreements at issue are unenforceable, because they are unconscionable. (ECF No. 13). Specifically, Plaintiff maintains the agreements are unconscionable because they, "were not negotiated as to any terms, provided on a take-it or leave it basis, provided without any instruction, never provided to Robbins to retain for his records, do not include any informal resolution process, do not provide for an attorney fee multiplier (or even the availability of attorneys' fees for the employees), do not provide a guaranteed minimum recovery, require Robbins to travel to Kansas City to pursue any claim, act[] to increase the employee's cost of pursuing any claim against the Defendant, create the risk of the unavailability of counsel to handle such claims, require confidentiality of all claims, [and] do not provide for class

- 2 -

arbitration." (Id., P. 10). Plaintiff further asserts that the first agreement, executed August 29, 2011, fails for lack of valid consideration. (Id., PP. 10-12).

## DISCUSSION

Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects the strong federal policy favoring arbitration, and requires courts to enforce arbitration agreements according to their terms. *AT & T Mobility LLC v. Concepcion,* 131 S.Ct. 1740, 1745 (2011). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC,* 641 F.3d 263, 266 (8th Cir. 2011) (citation omitted). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citations omitted). Plaintiff does not dispute that his claims fall within the ambit of the arbitration agreements. Rather, as noted above Plaintiff maintains the arbitration agreements are unenforceable because they are unconscionable.

Here, however, the parties agreed to abide by the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA Rules").[2] (ECF No. 6-1, P. 2; ECF No. 6-2, P. 2). Rule 6(a) of the AAA Rules states as follows: "The arbitrator shall have the

---

[2] The National Rules for the Resolution of Employment Disputes are now known as the Employment Arbitration Rules and Mediation Procedures.

- 3 -

power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* AAA Employment Arbitration Rules and Mediation Procedures, 6(a).

Parties are free to agree to arbitrate threshold or "gateway" questions of arbitrability. *Rent–A–Center, West, Inc. v. Jackson,* 130 S.Ct. 2772, 2777 (2010) (noting that this "reflects the principle that arbitration is a matter of contract").  "By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability."  *Green v. SuperShuttle Int'l, Inc.,* 653 F.3d 766, 769 (8th Cir. 2011) (citation omitted).  In other words, inclusion of the AAA Rules into an arbitration agreement is a "clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." *Fallo v. High–Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) (citation omitted).  "When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged." *Hubbard v. Career Educ. Corp.,* No. 4:11CV995 CDP, 2011 WL 5976070, at *2 (E.D.Mo. Nov. 30, 2011) (citing *Rent–A–Center,* 130 S.Ct. at 2779); *accord Mitchell v. Career Educ. Corp.,* No. 4:11CV1581 TCM, 2011 WL 6009658, at *3 (E.D.Mo. Dec. 1, 2011) (citing *Rent–A–Center,* 130 S.Ct. at 2779).

None of Plaintiff's arguments challenge the provisions of the arbitration agreements that delegate the authority to resolve issues of arbitrability to the arbitrator.  Thus, it is for the arbitrator to determine the enforceability of the arbitration agreements as a whole.  *See Rent–A–Center,* 130 S.Ct. at 2779 ("Accordingly, unless [employee] challenged the delegation provision specifically, we must treat it as valid under § 2 [of the Federal Arbitration Act], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the Arbitrator.").  *Accord*

*Womack v. Career Educ. Corp.,* No. 4:11CV1003 RWS, 2011 WL 6010912, at *2 (E.D.Mo. Dec. 2, 2011); *Hubbard,* 2011 WL 5976070, at *2; *Chisholm v. Career Educ. Corp.,* No. 4:11CV994 HEA, 2011 WL 5524552, at *2 (E .D.Mo. Nov. 14, 2011); *Fox v. Career Educ. Corp.*, 4:11CV1584 DDN, 2012 WL 1205155, at *4 (E.D.Mo. Apr. 11, 2012).[3]

In accordance with the foregoing, Defendant's Motion to Stay Proceedings and Compel Arbitration must be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Proceedings and Compel Arbitration (ECF No. 6) is **GRANTED**, and this matter is stayed pending resolution of the arbitration process.  The parties shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the completion of arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's request for limited discovery on issues relating to the enforceability of the arbitration agreements is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes pending completion of the arbitration process.

Dated this 30th day of July, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's claim that the first arbitration agreement fails for lack of consideration is also a matter for the arbitrator to determine.  *See Randazzo v. Anchen Pharmaceuticals, Inc.*, No. 4:12CV999 CAS, 2012 WL 5051023, at *7 (E.D.Mo. Oct. 18, 2012).